IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PAYNE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 06-557 |
| | ) | |
| v. | ) | Judge Alan N. Bloch |
| | ) | Magistrate Judge Caiazza |
| JAMES L. GRACE, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus filed by a prisoner in state custody, William Payne, be dismissed because it was filed beyond the applicable statute of limitations. It is likewise recommended that a certificate of appealability be denied.

### II. REPORT

#### A. BACKGROUND

The Petitioner, William Payne ("the Petitioner" or "Payne"), was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania of Second Degree Murder and related offenses on October 28, 1986. He was sentenced to life imprisonment and a consecutive term of one and one-half to three years imprisonment on March 20, 1987. His direct appeal concluded with the denial of *allocatur* by the Supreme Court of Pennsylvania on October 31, 1988. (Doc. 8, Ex. 22).

Payne thereafter filed two petitions for Writs of Habeas Corpus in this court, at Civil Action Nos. 90-1071 and 93-758; each of these petitions were dismissed without prejudice due to Payne's failure to exhaust available state court remedies. (Doc. 8, Exs. 23 and 26).

Next, Payne filed a petition in the state court pursuant to the Post Conviction Relief Act (PCRA)[1] on August 5, 1994, in which he challenged the testimony of Commonwealth witness Kathleen Smith with respect to racist remarks purportedly made by Payne after the killing. (Doc. 8, Ex. 33). Counsel was appointed and the petition was ultimately dismissed on November 13, 2000. (Doc. 9, Ex. 35). The denial of PCRA relief was affirmed on appeal by the Pennsylvania Superior Court on March 13, 2002, and the Supreme Court of Pennsylvania denied a Petition for Allowance of Appeal on September 10, 2002. (Doc. 9, Ex. 44).

Payne commenced a second PCRA petition on October 21, 2002, which was dismissed on September 7, 2004, as being untimely filed. (Doc. 9, Ex. 52). Payne appealed and for the first time asserted that the Commonwealth falsified the trial record; he argues that as a consequence the limitations period for filing a PCRA petition should be tolled. (Doc. 9, Ex. 57). The Pennsylvania Superior Court found that the petition was not timely filed and affirmed the denial of PCRA relief on July 22,

---

[1] 42 Pa. Cons. Stat. § 9541, *et seq.*

2005. (Doc. 9, Ex. 59). The Supreme Court of Pennsylvania denied Payne's Petition for Allowance of Appeal on March 31, 2006. (Doc. 9, Ex. 64).

Finally, Payne filed his federal habeas petition on April 16, 2006. The Commonwealth has responded. (Docs. 8 and 9). Payne filed a brief in support of his petition, (Doc. 10), and a reply to the Commonwealth's answer. (Doc. 11).

## B. **ANALYSIS**

The Commonwealth asserts that Payne's petition is untimely. There is a one year limitations period for habeas corpus petitions set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. §2244(d)(1). AEDPA's effective date was April 24, 1996. That said, to determine whether this petition was timely filed, the court must first determine the date direct review concluded and the judgment became "final". 28 U.S.C. §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for collateral relief tolled the statute. 28 U.S.C. § 2244(d)(2). Third, the court must determine whether another statutory exception or equitable tolling should apply.

Payne was sentenced in 1987, and his direct appeal concluded on October 31, 1988, when the Supreme Court of Pennsylvania denied his petition for *allocatur*. His conviction became "final" ninety days later, or January 31, 1989, when his right to seek

review in the Supreme Court of the United States expired. <u>See</u>, <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90-day time limit for filing a writ of certiorari in the Supreme Court). However, when a petitioner's state court conviction became final prior to the effective date of AEDPA, the limitations period begins to run as of April 24, 1996. <u>Douglas v. Horn</u>, 359 F.3d 257, 261 (3d Cir. 2004)(where conviction is "final" prior to enactment of AEDPA, prisoner has one-year grace period from April 24, 1996, to file habeas petition). It necessarily follows that the one year limitations period for filing a federal habeas corpus petition under 28 U.S.C. § 2254 expired in this case on or about April 24, 1997. Payne's federal habeas petition was not filed until April 16, 2006, almost nine years after the conviction became final, and almost eight years after the expiration of the limitations period. This Court must, accordingly, determine whether Payne may take advantage of the "tolling" provision in section 2244(d)(2).

Payne filed a <u>pro se</u> motion pursuant to Pennsylvania's PCRA on August 5, 1994, which remained pending until the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal on September 10, 2002. Therefore, the limitations period was tolled from April 24, 1996, until September 10, 2002, when the Supreme

Court of Pennsylvania denied Payne's Petition for Allowance of Appeal. See, Swartz, 204 F.3d at 420 (the time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought). Therefore, the limitations period began to run on September 11, 2002, when the toll period ended.

    Payne filed a second PCRA petition on October 21, 2002, and this petition remained pending until March 31, 2006. This petition does not toll AEDPA's limitations period, however, because it was not timely filed. In Artuz v. Bennett, 531 U.S. 4, 8 (2000), the Supreme Court defined the meaning of a "properly filed" state court collateral attack. In Artuz the Court held that a pleading is filed "when it is delivered to, and accepted by, the appropriate court officer for placement in the official record," and that it is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. In Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir.2003), the Court of Appeals for the Third Circuit held that a collateral attack which is filed out of time and which is dismissed as time-barred is not a properly filed application and, consequently, does not toll the limitations period. In 2005, the Supreme Court confirmed this rule, stating that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of 28 U.S.C. § 2244(d)(2)." Pace

v. DiGuglielmo, --- U.S. --- 125 S.Ct. 1807, 1812, *reh'g denied,* --- U.S. ----, 125 S.Ct. 2931, 162 L.Ed.2d 880 (2005) (internal editing and quotations omitted).

Applying Merritt and Pace to the facts here, Payne's second PCRA petition was plainly filed out of time, and the state courts dismissed the petition on this basis. Thus, Payne's first PCRA proceeding was the only "properly filed" state court collateral proceeding which tolled the limitations period. Here, the limitations period ran unimpeded in this case from September 10, 2002, until Payne's federal habeas petition was filed in April, 2006. It follows that the limitations period expired on September 10, 2003, making this petition untimely by more than two and one-half years.

Finally, the one-year limitation set out in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, --- U.S. --- 125 S.Ct. 1807, 1814, *reh'g denied,* --- U.S. ---, 125 S.Ct. 2931, 162 L.Ed.2d 880 (2005). Also, "[e]quitable tolling is proper only when the principles of equity would make the rigid application of

a limitation period unfair. Generally, this occurs when the petitioner has in some extraordinary way been prevented from asserting his or her rights. Also, the petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (internal citations, quotations, and punctuation omitted); Hizbullahankhamon, v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." ).

    Payne argues that the limitations period should be tolled due to what he alleges is a falsification of the state court record by the Commonwealth. His argument is summarized as follows: (1) the prosecutor in his opening statement told the jurors that Payne made racially-charged comments following the killing; (2) the prosecution witness who heard these statements did not testify concerning those statements during direct examination; (3) the Commonwealth was permitted to elicit these statements from the witness on re-direct examination; and (4) the court reporter, in preparing the transcript, placed the re-direct testimony immediately after the direct testimony, and not after the cross-examination testimony, thus "altering" the record.

(Doc. 10, at 14-17). Payne does not challenge that the testimony actually occurred at trial, or that it was not accurately transcribed, but argues only that it was placed earlier in the transcript than it actually occurred. The Court fails to discern the prejudice suffered by Payne - even if his claim is factually accurate. Further, and more importantly, a switch in the sequence of the trial testimony did not impair his ability to file a timely federal habeas petition. In sum, the petitioner has failed to show that "extraordinary circumstances prevented him from filing his petition on time" and, accordingly, his petition should be dismissed.

Finally, Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court, unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See 28 U.S.C. §2254(c)(2). There is a difficulty with this provision when the district court does not decide the case on the merits but rather on a procedural ground, without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district

court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Applying that standard here, the court concludes that jurists of reason would not find it debatable that Payne filed his federal habeas petition beyond the limitations period. Accordingly, a certificate of appealability should be denied.

### III. **CONCLUSION**

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by William Payne should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by December 28, 2006.  Responses to objections are due by January 8, 2007.

s/ Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

December 12, 2006

cc:
William Payne AJ-0386
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112 X

All parties of record.